UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

CASE NO. 3:25-cv-00157-LMM

HUGHES FAMILY INVESTMENTS, LLC,
CLIFFORD HUGHES and LINDA HUGHES,

    Plaintiffs,

v.

OHIO SECURITY INSURANCE COMPANY,
A wholly owned subsidiary of LIBERTY
MUTUAL INSURANCE COMPANY,

    Defendant.
_____/

# FIRST AMENDED COMPLAINT
# FOR BREACH OF CONTRACT AND BAD FAITH

COME NOW Plaintiffs, HUGHES FAMILY INVESTMENTS, LLC, CLIFFORD HUGHES and LINDA HUGHES, ("Plaintiffs"), pursuant to Fed. R. Civ. P. 15(a)(1)(B), and respectfully file this First Amended Complaint to correct a party misnomer as referenced in Defendant's Motion to Dismiss, and clarify the proper parties to this action. Plaintiff substitutes OHIO SECURITY INSURANCE COMPANY ("Defendant") in place of Liberty Mutual Insurance Company as the proper Defendant, and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    Clifford Hughes and Linda Hughes are individuals residing in Carroll County, Georgia, and are the sole members of Hughes Family Investments,

LLC, a Georgia limited liability company that owns the subject property located at 3211 South Van Wert Road, Villa Rica, Carroll County, Georgia.

2.      The Defendant Ohio Security Insurance Company is a foreign insurance company authorized to do business in Georgia. It may be served through its registered agent for service of process, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

3.      Defendant Ohio Security is a wholly owned subsidiary of Liberty Mutual Insurance Company, which is also a foreign corporation authorized to conduct business in the State of Georgia.

4.      During the pre-suit phase of this matter, and at all times material, Liberty Mutual acted as the claims administrator on behalf of Ohio Security, which included responsibility for all communications with Plaintiffs, claim evaluations, and issuance of partial payments.

5.      Plaintiffs reasonably and in good faith named Liberty Mutual as the Defendant as the real party in interest in the original Complaint based on the totality of Liberty Mutual's representations, branding, and conduct.

6.      This amendment is made pursuant to Fed. R. Civ. P. 15(a) and 17(a)(3) to correct a misnomer and ensure the proper party is before the Court.

7.      The amended naming of Ohio Security Insurance Company relates back to the original filing under Fed. R. Civ. P. 15(c), as the correction does

not prejudice the defense and arises out of the same conduct, transaction, and occurrence set forth in the original pleading.

8. This Court has jurisdiction pursuant to 28 U.S.C. §1332, as the matter in controversy exceeds $75,000, and the parties are citizens of different states.

9. Venue is proper in this Court under 28 U.S.C. §1391(b)(2), as the events giving rise to this action occurred in this district.

## GENERAL ALLEGATIONS

10. At all times material hereto, Plaintiffs owned commercial property located at 3211 S. Van Wert Road, Villa Rica, GA 30180 ("the Property").

11. On or about June 29, 2022, Defendant Ohio Security issued Policy No. BZS649791411 ("the Policy") insuring the Property against risks including collapse and water damage. A true and correct copy of the Policy is attached to the original Complaint filed in this matter.

12. The Policy was in full force and effect on May 12, 2023, when the Property suffered a structural collapse resulting in extensive water intrusion, damage to the roof system, interior finishes, insulation, HVAC systems, and business personal property.

13. Plaintiff promptly and timely reported the loss to Defendant Ohio Security through Liberty Mutual Insurance Company, initiating Claim No.

24120102 (the "Claim"). Liberty Mutual handled the adjustment of the Claim on behalf of Ohio Security.

14. The Defendant, through Liberty Mutual, acknowledged the claim and conducted initial inspections and evaluations through adjuster Jeffrey Clifford and engineer Envista Forensics.

15. Plaintiffs cooperated fully with the investigation, providing access, documentation, and estimates for necessary repairs.

16. Despite clear evidence of covered damage, Defendant Ohio Security conducted an inadequate investigation to properly determine the cause and origin of the damage to the Insured Property, substantially undervalued the claim and issued payment in an amount far below the actual cost to restore the Property to its pre-loss condition.

17. Plaintiffs submitted a Sworn Proof of Loss and a detailed estimate prepared by their public adjuster, Noble Public Adjusting Group, totaling $179,166.01 in recoverable costs.

18. Defendant has failed and refused to issue full payment under the Policy, thereby breaching its contractual obligations.

19. The Plaintiffs timely disputed the adequacy of Defendant's payments and evaluation through their public adjuster and legal counsel.

20. As a direct result of the breach, Plaintiffs have suffered damages in excess of $140,000.

## COUNT I – BREACH OF CONTRACT

21. Plaintiffs incorporate paragraphs 1 through 20 as if fully set forth herein.

22. The Policy is a valid and enforceable contract.

23. Plaintiffs have performed all obligations required under the Policy, including prompt notice, mitigation, cooperation, and submission of proof of loss.

24. Defendant breached the contract by failing to pay the full amount of the covered loss.

25. As a direct and proximate result of Defendant's breach, Plaintiffs have sustained damages in an amount to be proven at trial.

26. The Defendant has acted in bad faith, been stubbornly litigious, and caused Plaintiffs unnecessary trouble and expense.

27. The Plaintiffs are entitled to recover their reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

## COUNT II – BAD FAITH (O.C.G.A. §33-4-6)

28. Plaintiff incorporates paragraphs 1 through 20 as if fully set forth herein.

29. The Defendant has acted in bad faith by inadequately investigating the cause and origin of the loss, misinterpreting and misapplying policy

limitations and exclusions, misrepresenting coverage determinations, and substantially underpaying Plaintiffs' claim without reasonable justification.

30. Defendant acted in bad faith by failing to pay the claim within sixty (60) days after demand, despite having all necessary information.

31. Plaintiffs provided proper demand and notice for full payment and Defendant unreasonably and unjustifiably refused.

32. Defendant's failure to pay was not the result of honest mistake or good faith dispute, but constituted a knowing and intentional refusal to pay a valid claim.

33. Pursuant to O.C.G.A. §33-4-6, Plaintiffs are entitled to statutory damages, interest, litigation expenses and attorney's fees.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

a) Enter judgment in favor of Plaintiffs and against Defendant for breach of contract and bad faith in an amount proven at trial;

b) Award Plaintiffs statutory penalties for bad faith pursuant to O.C.G.A. § 33-4-6;

c) Award Plaintiffs attorneys' fees and expenses of litigation;

d) Award Plaintiffs pre-judgment interest and post-judgment interest as provided by law;

e) Grant such other relief as the Court deems just and proper.

Respectfully Submitted this **5th Day of August, 2025**.

                                        */s/ R. Brent Curd, Jr.*
                                        R. BRENT CURD, JR., Esq.
                                        Georgia Bar No: 202240

                                        WINDY LAW OF GEORGIA, P.C.
                                        *Counsel for the Plaintiff*
                                        400 S.E. 9th Street
                                        Fort Lauderdale, Florida 33316
                                        Telephone: (404) 334-0744

                                        P.O. Box 801715
                                        Acworth, Georgia 30101-7183
                                        brent@curdlawfirm.com
                                        Service: pleadings@windylaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of this pleading has been filed with the Clerk of Court on this day of **5th day of August 2025**, through the CM/ECF Filing System, and has been served electronically upon Hilary W. Hunter, Esq., ISENBERG & HEWITT, P.C., Attorney for Defendant, 1200 Altmore Avenue, Suite 120, Sandy Springs, GA 30342, at hilary@isenberg-hewitt.com.

    */s/ R. Brent Curd, Jr.*
    R. BRENT CURD, JR., Esq.
    Georgia Bar No: 202240

    WINDY LAW OF GEORGIA, P.C.
    *Counsel for the Plaintiff*
    400 S.E. 9th Street
    Fort Lauderdale, Florida 33316
    Telephone: (404) 334-0744

    P.O. Box 801715
    Acworth, Georgia 30101-7183
    Service: pleadings@windylaw.com